UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY JAMES GARNER, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| D. DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:15-CV-255-WSD-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a response opposing the habeas petition, (Doc. 10), and Petitioner filed a reply, (Doc. 13). For the reasons discussed below, the petition should be dismissed.

## I.    Background

In 2003, the U.S. District Court for the Southern District of Alabama sentenced Petitioner to 327 months' imprisonment after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docs. 10-1, 10-4.) The maximum sentence for that crime is ten years' imprisonment. 18 U.S.C. § 924(a)(2).

The sentencing court imposed a sentence above the ten-year statutory maximum because it found that the Armed Career Criminal Act ("ACCA") applied. The ACCA imposes a minimum sentence of fifteen years' imprisonment if a person convicted of

being a felon in possession of a firearm has at least three prior convictions for either serious drug offenses or violent felonies. 18 U.S.C. § 924(e). The sentencing court found that Petitioner had at least three prior convictions for violent felonies, including three convictions for third-degree burglary under Alabama law. (Doc. 10-2 at 9-14; Doc. 10-3 at 15-16 (sentencing court also discussing convictions for rape, assault, and attempted murder)); *United States v. Wilkerson*, 286 F.3d 1324, 1324-25 (11th Cir. 2002). Petitioner's counsel told the court at sentencing that "[t]here's no question that [Petitioner] is an armed career criminal."[1] (Doc. 10-3 at 4.)

On direct appeal, Petitioner did not challenge the ACCA enhancement of his sentence. *See United States v. Garner*, 157 F. App'x 117 (11th Cir. 2005). The U.S. Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. *Id.* at 118.

In 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 10-5.) In that motion, Petitioner challenged for the first time the ACCA sentence enhancement by arguing that his prior convictions for third-degree

---

[1] The sentencing court also upwardly departed from the sentencing range calculated under the U.S. Sentencing Guidelines because that range did not adequately reflect Petitioner's extensive criminal history and threat to the public. (Doc. 10-3 at 79-80.)

2

burglary were not violent felonies under the ACCA. (*Id.*) The sentencing court disagreed, relying on *United States v. Moody*, 216 F. App'x 952 (11th Cir. 2007), and denied Petitioner's § 2255 motion. (Doc. 6.) The court of appeals held in *Moody*, an unpublished decision, that a district court properly considered a third-degree burglary conviction under Alabama law as a violent felony for purposes of the ACCA. *Moody*, 216 F. App'x at 953. The district court and court of appeals denied Petitioner a certificate of appealability from the denial of his § 2255 motion. (Docs. 10-7, 10-8.)

In his habeas petition in this case, Petitioner challenges his sentence enhancement under the ACCA on the same grounds – that his convictions for third-degree burglary under Alabama law were not violent felonies for purposes of the ACCA. (Doc. 1.) Petitioner invokes § 2255's "savings clause" in his request for habeas relief. (*Id.*)

## II.   The Savings Clause As It Applies To ACCA Claims

The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008). A federal prisoner

3

cannot obtain relief via the savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc).

"The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) ("[W]e hold that the savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions."). If a petitioner does not satisfy the Eleventh Circuit's test for applicability of the savings clause, the district court "lack[s] subject-matter jurisdiction to entertain the matter." *Id.* at 1349-50.

In the Eleventh Circuit, the savings clause applies to a claim that a petitioner was improperly sentenced under the ACCA (§ 924(e)) for prior violent felony convictions only if the petitioner shows the following:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [the petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [or another case] . . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* [or the other Supreme Court case] applies

4

retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013).

Because that is the claim Petitioner asserts in this action, he must satisfy *Bryant*'s test

for this Court to have jurisdiction over the claim. *See id.* at 1270-74.

## III.   Analysis

Petitioner is not entitled to relief because he has not satisfied *Bryant*'s test. The

first prong of that test requires Petitioner to show that beginning when he was

sentenced in 2003 and continuing through the date when his § 2255 motion was

denied in 2007, "binding precedent" in the Eleventh Circuit "ha[d] *specifically*

*addressed* [his] *distinct* prior state conviction" that he contends no longer qualifies as

a predicate crime under the ACCA. *See Bryant*, 738 F.3d at 1274-75 (emphasis

added); *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014)

(petitioner must show that "this Court's precedent had specifically and squarely

foreclosed the claim raised in the § 2241 petition"). In other words, Petitioner must

identify a published decision from the U.S. Supreme Court or the U.S. Court of

Appeals for the Eleventh Circuit (the "Eleventh Circuit") issued before he was

5

sentenced that held that the crime of third-degree burglary under Alabama law is a violent felony for purposes of the ACCA. Petitioner has identified no such case, and the Court has found none.

The first time the Eleventh Circuit held that third-degree burglary under Alabama law is a violent felony was in an unpublished decision in 2007. *See Moody*, 216 F. App'x at 952-53. That decision did not foreclose Petitioner from arguing at sentencing or on direct appeal that his burglary convictions were not violent felonies because the decision came several years later and is unpublished. Because it is unpublished and thus not "binding precedent," *Moody* also did not foreclose the claim when Petitioner asserted it in his § 2255 motion. *See Bryant*, 738 F.3d at 1274-75. It was not until 2010 and 2014, many years after Petitioner's sentencing, direct appeal, and § 2255 proceedings had concluded, that the Eleventh Circuit issued published decisions on the issue of whether third-degree burglary under Alabama law is a violent felony for ACCA purposes. *See United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010), *abrogated by United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).

Because Petitioner has not satisfied the first prong of *Bryant*'s test, he necessarily fails the second prong. The second prong requires Petitioner to show that a decision by the U.S. Supreme Court overturned, or "busted," the circuit precedent

6

that had squarely foreclosed his claim. *See Bryant*, 738 F.3d at 1274-75. As discussed above, there was no such precedent to bust.

Petitioner wrongly believes that his failure to satisfy *Bryant*'s test is merely a "procedural bar" that can be excused under the general habeas law regarding procedurally defaulted claims. (Doc. 13.) *Bryant*'s test is a jurisdictional one, and a court lacks jurisdiction unless all five prongs of that test are satisfied. *See Bryant*, 738 F.3d at 1270-74; *Williams*, 713 F.3d at 1337-50. Petitioner's claim is not procedurally defaulted, but instead is not cognizable at all because he has not satisfied *Bryant*'s test for applicability of the savings clause.

In sum, Petitioner has not triggered application of the savings clause for the same reasons the federal prisoner in *Williams* did not trigger it. The prisoner in *Williams* argued in his § 2241 petition that his convictions for burglary of a dwelling under Florida law were no longer violent felonies after *Begay*. *Williams*, 713 F.3d at 1335-36. But like here, "there was no circuit precedent for *Begay* to bust" because no precedent squarely held through the time of Williams' sentencing, direct appeal, and first § 2255 motion that burglary of a dwelling as defined in the Florida statute was a violent felony under the ACCA. *Id.* at 1344-47. "[W]hat is dispositive is that his claim was not foreclosed at the time by binding Eleventh Circuit precedent . . . ." *See*

7

*id.* at 1348; *Aiken v. Warden, FCC Coleman-Medium*, 595 F. App'x 953, 957 (11th Cir. 2014) ("In sum, . . . [Petitioner] has failed to establish . . . that binding circuit precedent 'squarely foreclosed' him from raising his claim on direct appeal or in his previous § 2255 motion . . . . Accordingly, [Petitioner] has not satisfied the § 2255(e) savings clause requirements . . . ." (citation omitted)).

## IV.  Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED**, this 26 day of June , 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

8