IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY JAMES GARNER,

                Petitioner,

v.                                                     1:15-cv-255-WSD

D. DREW,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [14] ("R&R") which considers Petitioner Tony James Garner's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition"). The Magistrate Judge recommended that the Petition be dismissed for lack of jurisdiction. Also before the Court is Petitioner's "Motion to Supplement Judicial Notice of Rules Change Johnson v. United States" [16] ("Motion to Supplement").

I.    BACKGROUND

On November 18, 2003, Petitioner, currently a federal prisoner in Atlanta, Georgia, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (R&R at 1; [10.1] at 1; [10.4] at 1]). The United States District Court for the Southern District Alabama (the "Sentencing Court")

sentenced Petitioner to 327 months imprisonment for the firearm conviction. (R&R at 1).

The Sentencing Court imposed a period of incarceration in excess of the maximum authorized for the firearm offense because the Sentencing Court concluded that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), applied. (Id.). The ACCA imposes a minimum period of fifteen years imprisonment and a maximum period of life imprisonment if a person convicted of being a felon in possession of a firearm has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Sentencing Court found that Petitioner had at least three prior convictions for violent felonies, including a conviction for attempted murder and three convictions for third-degree burglary under Alabama law. ([10.3] at 15-16); (10.6] at 4). The Sentencing Court, because of the three third-degree burglary convictions, sentenced Petitioner under the ACCA. (R&R at 2).

On November 16, 2005, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Garner, 157 F. App'x 117, 118 (11th Cir. 2005). On September 29, 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 [10.5] in the Sentencing Court ("Motion to Vacate"). Petitioner argued, for the first time, that his three prior convictions for third-degree burglary under Alabama law should not count as "violent felonies" under the ACCA. (R&R at 2-3); (Mot. to Vacate at 7-8). The Sentencing Court denied Petitioner's Motion to Vacate, concluding that Petitioner's three third-degree burglary convictions qualified as "violent felonies" under the ACCA. (R&R at 3); ([10.6] at 4-5). The Sentencing Court relied on United States v. Moody, 216 F. App'x 952, 952 (11th Cir. 2007), an unpublished case in which the Eleventh Circuit concluded that a third-degree burglary conviction in Alabama constitutes a "violent felony" under the ACCA. United States v. Moody, 216 F. App'x 952, 953 (11th Cir. 2007). The Sentencing Court and the Eleventh Circuit denied Petitioner a certificate of appealability from the denial of his Motion to Vacate. (R&R at 3); ([10.7], [10.8]).

On January 26, 2015, Petitioner filed his Petition under 28 U.S.C. § 2241,[1] challenging his sentence enhancement under the ACCA, arguing the savings clause

---

[1]   Petitioner styles his Petition as a "Motion Pursuant to 28 U.S.C. § 2241."

3

under 28 U.S.C. § 2255(e) allows the Court to exercise jurisdiction over his Petition.  Petitioner argues that, under the Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and the Eleventh Circuit decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), his three prior burglary convictions should not count as "violent felonies" under the ACCA.  (Pet. at 3-4).

On June 26, 2015, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed for lack of jurisdiction, concluding that the savings clause did not apply to Petitioner's claim.  (R&R at 5-8).  Petitioner did not object to the R&R.  On July 24, 2015, Petitioner filed his Motion to Supplement, in which Petitioner seeks to supplement his Petition to discuss the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  (Mot. to Supplement at 1).  Petitioner argues that Johnson supports his claim that his three burglary convictions should not be considered predicate offenses under the ACCA.  (Id.).

**II.   DISCUSSION**

    A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Petitioner did not object to the Magistrate Judge's R&R.  The Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay, 714 F.2d at 1095.

B.   Analysis

28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).  The underlined clause of the statute is commonly referred to as the "savings clause."  Bryant v. Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013).  The savings clause allows a federal prisoner who failed to

apply for relief by motion to petition for relief under 28 U.S.C. § 2241 if a Section 2255 motion is inadequate or ineffective to challenge his detention. 28 U.S.C. § 2255(e).  A petitioner bears the burden of affirmatively showing the inadequacy or ineffectiveness of the remedy under Section 2255.  Smith v. United States, 263 F. App'x 853, 856 (11th Cir. 2008).  A petitioner cannot obtain relief under the savings clause simply because he is barred from filing a Section 2255 motion because the motion is, under Section 2255(h), a "second or successive" motion.[2]  Gilbert v. United States, 640 F.3d 1293, 1308-12 (11th Cir. 2011).

"[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses."  Bryant, 738 F.3d at 1262.

To affirmatively show that the savings clause applies to his claim, Petitioner must establish:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed

---

[2]   To file a "second or successive" Section 2255 motion, a defendant must first file an application with the Eleventh Circuit for an order authorizing the Court to consider it.  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  Id.

> [Petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [Petitioner's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in [Descamps], as extended by this Court to [Petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [Petitioner's] § 924(e) claim; (3) the new rule announced in [Descamps] applies retroactively on collateral review; (4) as a result of [Descamps'] new rule being retroactive, [Petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)- [Descamps] error claim of illegal detention above the statutory maximum penalty in § 924(a).

See id. at 1274.

That Magistrate Judge concluded that Petitioner does not meet the Bryant requirements. (R&R at 5-8). The Court agrees. The first prong of the Bryant test requires Petitioner to show that throughout 2003—when Petitioner was sentenced—and continuing through May 1, 2007—when Petitioner's Motion to Vacate was denied by the Sentencing Court—binding Eleventh Circuit precedent held that the crime of third-degree burglary under Alabama law constituted a "violent felony" under the ACCA, such that his claim would have been foreclosed when he filed his first Section 2255 motion. See Bryant, 738 F.3d at 1274.

When Petitioner was convicted, sentenced, and throughout his direct appeal, there was no Eleventh Circuit precedent that directly addressed whether the crime of third-degree burglary under Alabama law constituted a "violent felony" under

7

the ACCA and that "squarely foreclosed" Petitioner's claim.  It was only while Petitioner's Motion to Vacate was pending that the Eleventh Circuit held in United States v. Moody, 216 F. App'x 953 (11th Cir. 2007), that third-degree burglary under Alabama law constitutes a "violent felony" under the ACCA.  Moody, 216 F. App'x at 953.  Moody is an unpublished opinion and, thus, is not binding authority.  See, e.g., 11th Cir. R. 36-2; see also United States v. Irey, 612 F.3d 1160, 1215 n.34 (11th Cir.2010) (*en banc*) ("Unpublished opinions are not precedential . . . .").  Because there was no "binding" Eleventh Circuit authority that "squarely foreclosed" Petitioner's claim, Petitioner cannot satisfy the first prong of the Bryant test.  For this reason alone, Petitioner cannot rely on the savings clause to establish jurisdiction for the Court to adjudicate his claim on the merits.  See Bryant, 738 F.3d at 1262.

Because Petitioner cannot show Eleventh Circuit precedent foreclosed his claim, he likewise cannot satisfy the second prong of the Bryant test, which requires that Petitioner show that a Supreme Court decision overturned the Eleventh Circuit decision foreclosing his claims.  See id. at 1274; see also Campbell v. Warden, FCC Coleman-Medium, 595 F. App'x 839, 843 (11th Cir. 2014) ("Because there was no binding precedent that foreclosed his § 924(e)

argument, it follows that no Supreme Court ruling could have overturned precedent foreclosing his claim.").

Petitioner argues that under the Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and the Eleventh Circuit decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), his three prior burglary convictions should not count as "violent felonies" under the ACCA. (Pet. at 3-4).

The Supreme Court, in Descamps, considered whether a burglary conviction under California law constituted a "burglary" for the purposes of the ACCA. The Descamps court "refined the process for determining whether a prior conviction qualifies as a 'violent felony' under the ACCA." Abney v. Warden, 621 F. App'x 580, 584 (11th Cir. 2015). The Descamps court reaffirmed that, to determine whether a past conviction is for "burglary, arson, or extortion," the enumerated offenses in the ACCA, courts must use what is called the "categorical approach." Descamps, 133 S. Ct. at 2281. Under this approach, the district court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." Id. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."

9

Id.  The Descamps court also affirmed that, in the case of a "divisible" statute—one that sets out alternative crimes, some of which qualify as ACCA predicates—the sentencing court may apply a 'modified categorical approach' to determine which of the statutory alternatives formed the basis of the defendant's prior conviction and thus whether the conviction qualifies as an ACCA predicate.  Id. at 2283-84.  The Descamps court held that the "modified categorical approach," did not apply to "indivisible" statutes—statutes that define the crime at issue too broadly rather than setting forth alternative elements.  Id. at 2285-86.  Where an "indivisible" burglary statute defines "burglary" more broadly than the elements for generic burglary, "a conviction under that statute is never for generic burglary" and a district court should not enhance a sentence under the enumerated crimes clause of the ACCA based on such a burglary conviction.  Descamps, 133 S. Ct. at 2293.

The Eleventh Circuit, in Howard, considered Alabama's third-degree burglary offense in light of Descamps, and concluded that "the statute is non-generic and indivisible, which means that a conviction [for third-degree burglary in Alabama] cannot qualify as generic burglary under the ACCA." United States v. Howard, 742 F.3d 1334, 1349 (11th Cir. 2014).  While Howard is a binding Eleventh Circuit decision that supports Petitioner's argument that his

third-degree burglary convictions should not have been considered violent felonies under the ACCA, this decision was published after Petitioner's Motion to Vacate was denied. Petitioner, thus, does not satisfy the Bryant test, and the Court lacks jurisdiction to consider his Petition on the merits. See Bryant, 738 F.3d at 1262

The Magistrate Judge correctly found that Petitioner failed to satisfy the first two prongs of the Bryant test and, thus, the savings clause does not allow the Court to exercise jurisdiction over his Petition. (R&R at 6-8). The Court finds no plain error in Magistrate Judge's findings and recommendation that this action be dismissed for lack of jurisdiction. See Slay, 714 F.2d at 1095; 28 U.S.C. § 2255(e).[3]

---

[3] Also pending before the Court is Petitioner's Motion to Supplement, in which Petitioner seeks to supplement his Petition to discuss the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. to Supplement at 1). Petitioner argues that Johnson supports his claim that his three burglary convictions should not be considered predicate offenses under the ACCA. (Id.). In Johnson, the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague, and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The Supreme Court noted that this decision did not "call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Petitioner's enhancement under the ACCA was based on the enumerated crimes clause of the ACCA, not the residual clause and Johnson, thus, does not directly apply to Petitioner's claim. Respondent, in its Response [10] to the Petition, argued that while Howard held that third-degree burglary in Alabama does not qualify as a "violent felony" under the enumerated crimes clause of the

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Tony James Garner's Petition for Writ of Habeas Corpus [1] is **DISMISSED**.[4]

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Supplement Judicial Notice of Rules Change Johnson v. United States" [16] is **DENIED AS MOOT**.

---

ACCA, it expressed no opinion regarding whether third-degree burglary would qualify under the residual clause. (Resp. at 6-7). Johnson forecloses this argument. Petitioner, however, does not cite any legal authority, and the Court has not found any, to support that Petitioner is entitled to raise his Johnson or Howard claims in his Section 2241 Petition. To the extent that Petitioner wishes to assert a habeas claim based on Johnson or Howard, Petitioner would be required to raise this claim in a Section 2255 motion after first filing an application with the Eleventh Circuit for an order authorizing the Court to consider it. See Farris, 333 F.3d at 1216 (citing 28 U.S.C. § 2244(b)(3)(A)). Petitioner's Motion to Supplement is denied as moot.

[4]     Petitioner, as a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241, does not need a certificate of appealability to appeal the Court's dismissal of his Petition. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). The Court, thus, declines to address whether a certificate of appealability is warranted in this action.

12

**SO ORDERED** this 7th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE