IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY JAMES GARNER,

      Petitioner,

v.              1:15-cv-255-WSD

D. DREW, Warden,

      Respondent.

**OPINION AND ORDER**

This matter is before the Court on Petitioner Tony James Garner's ("Petitioner") "Motion in Opposition of Government's Motion of Opinion and Order to Dismiss" [17], which the Court construes as a Motion for Reconsideration of the Court's March 7, 2016, Order.

**I. BACKGROUND**

On November 18, 2003, Petitioner, currently a federal prisoner in Atlanta, Georgia, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ([14] at 1; [10.1] at 1; [10.4] at 1]).  The United States District Court for the Southern District Alabama (the "Sentencing Court") sentenced Petitioner to 327 months imprisonment.  ([14] at 1).

The Sentencing Court imposed a period of incarceration in excess of the maximum authorized for the firearm offense because the Sentencing Court concluded that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), applied. (Id.). The ACCA imposes a minimum period of fifteen years imprisonment and a maximum period of life imprisonment if a person convicted of being a felon in possession of a firearm has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Sentencing Court found that Petitioner had at least three prior convictions for violent felonies, including a conviction for attempted murder and three convictions for third-degree burglary under Alabama law. ([10.3] at 15-16); (10.6] at 4). The Sentencing Court, because of the three third-degree burglary convictions, sentenced Petitioner under the ACCA. ([14] at 2).

On November 16, 2005, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Garner, 157 F. App'x 117, 118 (11th

Cir. 2005). On September 29, 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 [10.5] in the Sentencing Court ("Motion to Vacate"). Petitioner argued, for the first time, that his three prior convictions for third-degree burglary under Alabama law should not count as "violent felonies" under the ACCA. ([14] at 2-3; Mot. to Vacate at 7-8). The Sentencing Court denied Petitioner's Motion to Vacate, concluding that Petitioner's three third-degree burglary convictions qualified as "violent felonies" under the ACCA. ([14] at 3; [10.6] at 4-5). The Sentencing Court relied on United States v. Moody, 216 F. App'x 952, 952 (11th Cir. 2007), an unpublished case in which the Eleventh Circuit concluded that a third-degree burglary conviction in Alabama constitutes a "violent felony" under the ACCA. United States v. Moody, 216 F. App'x 952, 953 (11th Cir. 2007). The Sentencing Court and the Eleventh Circuit denied Petitioner a certificate of appealability from the denial of his Motion to Vacate. ([14] at 3; [10.7], [10.8]).

On January 26, 2015, Petitioner filed his Petition under 28 U.S.C. § 2241,[1] challenging his sentence enhancement under the ACCA, arguing the savings clause under 28 U.S.C. § 2255(e) allows the Court to exercise jurisdiction over his Petition. Petitioner argues that, under the Supreme Court decision in

---

[1] Petitioner styles his Petition as a "Motion Pursuant to 28 U.S.C. § 2241."

Descamps v. United States, 133 S. Ct. 2276 (2013), and the Eleventh Circuit decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), his three prior burglary convictions should not count as "violent felonies" under the ACCA. (Pet. at 3-4).

On June 26, 2015, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed for lack of jurisdiction, concluding that the savings clause did not apply to Petitioner's claim. ([14] at 5-8). Petitioner did not object to the R&R. On July 24, 2015, Petitioner filed his Motion to Supplement, in which Petitioner seeks to supplement his Petition to discuss the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. to Supplement [16] at 1). Petitioner argues that Johnson supports his claim that his three burglary convictions should not be considered predicate offenses under the ACCA. (Id.).

On March 7, 2016, the Court issued its order adopting the R&R. The Court found that the savings clause did not apply to Petitioner's claim, including because: (1) when Petitioner was convicted, sentenced, and throughout his direct appeal, there was no Eleventh Circuit precedent that directly addressed whether the crime of third-degree burglary under Alabama law constituted a "violent felony" under the ACCA and that "squarely foreclosed" Petitioner's claim, and (2) while United States v. Howard, 742 F.3d 1334, 1349 (11th Cir. 2014), is a binding Eleventh

4

Circuit decision that supports Petitioner's argument that his third-degree burglary convictions should not have been considered violent felonies under the ACCA, this decision was published after Petitioner's Motion to Vacate was denied.[2] The Court concluded that, because the savings clause did not apply to Petitioner's claim, the Court lacked jurisdiction to consider his Petition on the merits.

On March 17, 2016, Petitioner filed his Motion for Reconsideration. In it, Petitioner notes that "the Government has conceded that the third degree burglary offense used as predicates to convict and sentence Petitioner to 327 – months, does not and cannot continue to qualify as predicate for the ACCA enhancement to Petitioner's case." (Mot. for Reconsideration at 2). He also lists several general legal principles of habeas corpus jurisprudence. (Id. at 3-4).

## II.     DISCUSSION

### A.     Legal Standard

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E), NDGa. Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a

---

[2]   The Court determined that Petitioner's enhancement under the ACCA was based on the enumerated crimes clause of the ACCA, not the residual clause, and the Supreme Court's Johnson decision does not directly apply to Petitioner's claim. The Court thus denied as moot Petitioner's Motion to Supplement.

need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

    B.    Analysis

Petitioner does not present any newly discovered evidence, change in controlling law, or need to correct a clear error of law or fact to support his Motion for Reconsideration.  Petitioner also does not challenge the Court's determination that he failed to meet the savings clause test set forth by the Eleventh Circuit in Bryant v. Coleman, 738 F.3d 1253 (11th Cir. 2013).  To affirmatively show that the savings clause applies to his claim, Petitioner must establish:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [Petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [Petitioner's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in [Descamps], as extended by this Court to [Petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [Petitioner's] § 924(e) claim; (3) the new rule announced in [Descamps] applies retroactively on collateral review; (4) as a result of [Descamps'] new rule being retroactive, [Petitioner's] current sentence exceeds the 10–year

> statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-[Descamps] error claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant, 738 F.3d at 1262. The Court found that the savings clause does not apply to Petitioner's claim, including because: (1) when Petitioner was convicted, sentenced, and throughout his direct appeal, there was no Eleventh Circuit precedent that directly addressed whether the crime of third-degree burglary under Alabama law constituted a "violent felony" under the ACCA and that "squarely foreclosed" Petitioner's claim, and (2) while United States v. Howard, 742 F.3d 1334, 1349 (11th Cir. 2014), is a binding Eleventh Circuit decision that supports Petitioner's argument that his third-degree burglary convictions should not have been considered violent felonies under the ACCA, this decision was published after Petitioner's Motion to Vacate was denied.

"[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." Bryant, 738 F.3d at 1262. Because Petitioner did not satisfy the Bryant test, the Court lacks jurisdiction to consider his Petition on the merits. See id. Petitioner's Motion for Reconsideration is denied.

7

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Tony James Garner's "Motion in Opposition of Government's Motion of Opinion and Order to Dismiss" [17] is **DENIED**.

**SO ORDERED** this 23rd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE